Welcome and please be seated. Good morning everyone. Judge Wallace and I are very pleased to be joined by Judge Hillman who is sitting by designation from the District of Massachusetts. We really appreciate his help and are so pleased to be sitting with him today. Thank you. We have several cases that are submitted on the briefs. Howe v. Barr 17-71689 is submitted. Singh v. Barr 17-72170 is submitted. Shrupp v. Wells Fargo 18-15893 is submitted. And Sandhu v. Barr 17-72635 is submitted. We'll proceed with the cases on calendar in the order in which they appear which the first one is United States v. Katakis 17-10487 and 18-10027. Each side will have 15 minutes. Good morning and may it please the court. My name is Page Pate and I represent Andrew Katakis. Mr. Katakis was convicted by a jury in 2014 for his involvement in a conspiracy that the government alleged was reached between real estate investors in Stockton, California in 2008 and 2009 to limit the competition at bids in a foreclosure auction for houses that have gone into foreclosure. The case has a long procedural history. The trial was in 2014. The case has already been before this court in 2015 on a separate issue. It was remanded. There was a motion for new trial, days of evidentiary hearings, and then back before this court after Mr. Katakis was sentenced. We've raised five separate issues on appeal, but the real overarching problem here is that Mr. Katakis did not get a fair trial. And the reason he did not get a fair trial is because the jury did not hear the full story. There are two specific reasons why we think a new trial is warranted in this case. One is that there's newly discovered evidence that was not available at trial, that Mr. Katakis's lawyer did not pursue, and the jury never heard. The second issue is not only were some of the trial witnesses, the information did not come out complete and the full story was not told, there were three additional witnesses, exculpatory witnesses, that were never interviewed by Mr. Katakis's trial counsel, and so their testimony was never presented to the jury. The other issues that we've raised do not deal so much with the evidence at trial, but a jury Is this a ruling, I take it, that the defense lawyer was incompetent? Yes, Your Honor. Ineffective assistance of counsel, which normally would not come before this court on direct appeal, but as a result they come in on habeas because we don't have all the facts. That's right. Isn't that true here? Not in this case, Your Honor. In this case, once Mr. Katakis filed a motion for new trial, there were days of evidentiary hearings. Trial counsel testified. The three witnesses that we believe should have been called testified. There were declarations provided to the district judge. So the district court had before it a full record to determine effective assistance of counsel, and that record is now before this court. Did the attorney testify? Yes, Your Honor. And what did he say? Well, the attorney was questioned on a number of issues. The first Was he questioned on the issue of why he didn't call these people? Yes, Your Honor. He was, extensively. And those witnesses were also called so that they could proffer the testimony that they would have given at the trial before the district judge. I thought your only ineffective assistance claim now was about whether Mr Katakis testified and your other claims were not really framed within the framework of ineffective. Well, I thought we did, Your Honor. In the issue, I believe it's our second issue enumerated in the brief that trial counsel was ineffective for failing to interview and call these three exculpatory witnesses. The witnesses were Eric Tolman, Theodore Hutz and Will Trawick. Their testimony related directly to Mr Katakis's lack of made his trial lawyer aware of these witnesses months before the trial. And, in fact, the trial lawyer said, I'm going to talk to them. I'm going to interview them. But he never did. They were available at the time we had the hearing for the motion for new trial, and they testified. And individually, certainly collectively, but individually, we believe their testimony would have made a difference had they been allowed to speak to the jury. So we believe that issue was preserved on ineffective assistance of counsel. And again, it's not. And we understand that generally, when you're looking at a case, especially at this level for ineffective assistance, you're going to give a lot of discretion to the trial lawyer. You can make decisions about which witnesses to call. You can determine how you're going to present the evidence. The problem in this case is he didn't do the due diligence of at least talking to these witnesses. And now we know that what these witnesses would have said would have made a difference during the course of the trial. How do we know that? Because they testified at the motion for new trial hearing. But they didn't testify before a jury. That's right. How do we know, KNOW, that it would make a difference to the trial? We believe that their testimony at the evidentiary hearing on the motion for a new trial laid out what they would have told to the jury. Okay. Now, you had before the, what did the district, what did the trial judge do with that? The trial judge did not find that it was sufficient to warrant a new trial. In fact, the trial judge in his order, actually his order on this particular issue was made during the course of the hearings. And we've provided that in the record excerpts. But the district judge's overall conclusion was trial counsel made the right decision not to call these witnesses. But, of course, the jury never heard them. And we don't know what effect they would have had on the jury. But we do know what they would have said. Mr. Tolman would have specifically said that one of the main government witnesses had told him that Mr. Katakis was not involved in this conspiracy. We know that Mr. Hutz, who was a charged co-conspirator, who pled guilty, who you would assume would be cooperating with the government, said that he's known Mr. Katakis and Katakis was never there. Katakis was not part of this conspiracy. Is it your position that the trial court heard in doing what? He made a finding that the lawyer made the right decision. Is that what you're bringing before us, that it was a wrong decision? Yes, Your Honor. We believe that the district judge did not make the proper decision on that ineffective assistance claim. And how do we test that? We weren't there. We didn't see the witnesses. The district judge is the one who can perceive that. What's our standard of review? Well, on that, for the finding of fact on an ineffective assistance claim, you're going to give a lot. I mean, the motion for new trial standard is abuse of discretion. But when you're looking at ineffective assistance, it is a de novo review. So you can look at the facts and the law. But, of course, the district court's finding of fact, I don't think you're going to reverse that unless it's clearly erroneous. Was his finding of fact was it wouldn't make any difference if they'd been caught? That's exactly correct, Your Honor. But we have before you the full transcript of what these witnesses would say. And we have to say that the trial judge clearly erred, though, in thinking that these witnesses would not have made a difference in the factual findings. But I think at the end of the day, what the district court determined was, I mean, the district court couldn't determine what the witnesses were going to say. I mean, they said what they're going to say. Then the district court was asked, should trial counsel have called these people based on what I've just heard? So I think that conclusion is really more of an application of the law and effective assistance standard to the facts of what those witnesses would have tested. But it's all embedded. This is the confusion of my earlier question. That's all embedded in your motion for new trial, right? So I thought we were reviewing those issues more in the sense of new trial than a separate. I mean, maybe we should think of it separately as an ineffective assistance, but it's kind of embedded, I think. It's a great question, Your Honor. And it's embedded only because all of that came out during the hearing on the motion for new trial. And so normally we wouldn't have the opportunity to raise this issue on direct appeal. But we saw that everything's there in the record for the court to rule on it, to consider it. So we raised it separately as ineffective assistance of counsel in addition to the motion for new trial. And I understand how that can seem confusing, especially when we're considering standards of review. But I think the court has before it enough to make a determination on ineffective assistance. And may I reserve one minute for my rebuttal? Thank you very much. Good morning, Your Honors. May it please the court, John Ballas on behalf of Defendant Donald Parker. The first two issues in my brief overlap with Mr. Katakis. We both briefed them. The one thing I wanted to bring to the court's emphasis is that on Mr. Katakis' motion for newly discovered evidence regarding Chandler, Northcutt, and the Swanger twins, who all testified at a motion for new trial hearing, that they were involved in a separate conspiracy to defraud Mr. Katakis. Parker and the other bidders applies both to Mr. Parker. And I would bring to the court's attention in the government's brief at pages 10 and 11, they list specific evidence from Mr. Chandler and Northcutt where they both testified against Mr. Parker regarding the round-robin bidding. So that newly discovered evidence would have been prejudicial to Mr. Parker as well as Mr. Katakis because evidence that they were involved in a fraud from the defendants would have applied to both. In addition, for Mr. Parker, we raised a multiple conspiracy instruction. If there was this newly discovered evidence of a separate conspiracy, it would have been prejudicial to Mr. Parker because it would have allowed the jury to convict Mr. Parker or to find that there was a separate conspiracy and not this This is on your motion to sever, right? This is, so the motion to sever has to do with the more on the prejudicial spillover argument. That is the third argument that was raised just by Mr. Parker, not Mr. Katakis. And the argument was that there was substantial evidence that was presented that regarding Mr. Katakis that had nothing to do with Mr. Parker. We moved to sever because that evidence would come in and it would be difficult for the jury to compartmentalize the evidence against the two defendants. In fact, it took up a significant part of the trial. There were four witnesses, two expert witnesses. It involved in substantial evidence and argument. And the jury ended up coming back with a guilty verdict. The same with both that the jury had difficulty compartmentalizing the evidence. Excuse me, you had evidence of what the jury did? No. Well, the evidence is the verdict and the verdict, the jury found the defendants guilty on count one for both defendants and they also found the same they were unable to reach a verdict on count two for both defendants. So they kind of, they ended up lumping the two together, the defendants, in reaching their verdicts. You have evidence they lumped them together? I don't see how you're making these arguments. You don't know what the jury did. I suppose you could have asked the district court to give you some special verdicts. You did not do that. I don't see how you can advance this argument now. We didn't ask for a special verdict. We did ask for a motion to sever and the case was admitted and make that kind of determination. And it's kind of a legal determination on whether that evidence was so significant and prejudicial that it should have warranted a severance. Usually when there's a split verdict, we view that as evidence that the jury could compartmentalize. So you're making a, you're trying to use the split verdict in a way that usually our case law doesn't, I think. Yeah, and the fact that there wasn't really a split verdict and that they didn't reach different verdicts with the two defendants. They reached the same verdict with both. Well, they did find the auctioneer not guilty. They did find the auctioneer. But the auctioneer was kind of separate in a lot of ways in terms of evidence. But doesn't that show that there wasn't a spillover problem? I mean, it seems like the jury was not just taking evidence against one defendant and using it against everyone else. So the auctioneer, all the or the round robins involved primarily Mr. Katakis and Mr. Parker. The auctioneer was kind of completely separate. The evidence that had to do with Mr. Katakis and the drive scrubber and the evidence was more linked to the two defendants in the round robin. And I'll reserve the remaining time. Well, just to follow up on that, not only was the auctioneer found not guilty, but he was the only one charged with aiding and abetting. He was, well, he was the only one charged specifically in the indictment with aiding and abetting. But when the jury ended up giving instructions, they were not told separately that the jury, the aiding and abetting instructions did not apply to Mr. Katakis and Mr. Parker. So the aiding and abetting instructions applied equally to all of them. Thank you. Thank you. And may it please the court, I'm Adam Chandler here for the United States. I just wanted to begin with some of the questions from earlier about the ineffective assistance of counsel claim. Because just to be clear, this is coming up on a motion for a new trial, although just feeling you're correct, not the argument that Mr. Katakis wanted to testify himself, but the others are coming up from a denial of a motion for a new trial. That's reviewed for abuse of discretion. And there is something of a double deference here because the trial counsel's strategic decisions are entitled to a lot of deference. And as became clear from the two-day post-trial hearing on this, where he laid out all of his reasoning for why he didn't want to call these three witnesses, he made really fine-grained judgments about their value versus their demerits to the trial. In some cases he said this was a very easy judgment not to call this witness. The district judge concurred in all of those judgments and said in some of the cases this would have been more helpful for the government. This would, this was, you know, cumulative. There was no value to this witness. So the district judge agreed with all of that as well. And those two determinations are each entitled to sort of successive deference on appeal. How do we review those decisions? So the standard. The top-level standard is abuse of discretion for the three witnesses because they are arising from a denial of a motion for new trial. Yeah. And in determining whether it was an abuse of discretion, you look at, you know, was the performance of the trial counsel deficient? And in determining that, you give a lot of deference to the strategic decisions that were made by the defense counsel. So a lot of deference on that point. On the spillover point, I just wanted to reinforce that there was a split verdict according to defendant and count. There were guilty verdicts on the hung jury, on the fraud counts. There was an acquittal as to the auctioneer. That is very substantial evidence that the jury was making distinctions and compartmentalizing evidence as they were instructed to do. And I'm happy to rest on our brief for the other points raised here. There are a lot of arguments on appeal, but we don't believe that any of them warrant reversal. I'll emphasize, too, that there's really no de novo review in this appeal at all. There's either abuse of discretion or forfeiture or plain error involved. What do we do with the issue that there's insufficient evidence, apparently, on the claim that the defense attorney would not let the defendant testify? Would you please discuss how that went and what we should do about it? Of course. You're correct that there is no evidence that Mr. Katakis wanted to testify, that he asked to testify, that he was blocked from testifying. And yet he does make this argument for the first time on appeal that he was blocked and that was evidence of ineffective assistance of counsel. We submit that this court should not entertain that for the first time on appeal. But even if you do, they are submitting that there is a substantial enough record that this court could determine that there was ineffective assistance for him not having been called. Isn't that the point? Is there enough evidence here that we could take the issue where, if there is not sufficient evidence, we would dismiss that issue and it would be taken up on a subsequent habeas case, I assume before Judge Schrub? That is a possible way to dispose of that argument, to say that the record is not sufficient to make this determination and he could potentially raise it on a collateral proceeding if he wanted to. However, he is bringing to this court the argument that there is a sufficient enough record to make this determination. We are sort of going along with that argument to say, well, if this is all the evidence that there is and that's what you're putting forward, then yes, this court can go ahead and say, well, then there's just not enough evidence to say that there was any ineffective assistance here. I want to stress, Mr. Katakis would have had all of the facts in his possession to make this argument before the district court and did not do so. And he could have submitted an affidavit at some point to say that he asked to testify and was blocked from testifying. He didn't do those things. So it's not clear that there will be more evidence forthcoming in a collateral proceeding. That is why we are going along with the argument that this court can dispose of this argument on appeal, but it was not raised below. And usually we don't reach ineffective assistance in this kind of posture where it's raised for the first time before us. That's right. It is very unusual for this to be coming up on direct appeal, but we submit that this is a somewhat unusual case where the district court did hold a two-day hearing on ineffective assistance with the defense counsel testifying. So there is a record, particularly as to the other three defendants. We think that that would have been a proper time to have made the argument that Mr. Katakis was blocked from testifying if that's what happened. It didn't come up at that post-trial hearing. So we think if it's, you know, if it's going to be argued on direct appeal, it should have been raised and determined below. But he's submitting that there's enough evidence to make the decision. Should we go along with that? Or you could say there's not enough evidence and this could be raised in a collateral proceeding. Are you indicating the government is going to take the position that is waived if the defendant goes back and it raises the issue on habeas corpus? Not if this court disposes it by saying that the record was insufficient to make the determination here. There is case law that not raising something on direct appeal as to ineffective assistance, that does not foreclose a collateral proceeding making that argument. So if he had not made this argument here, we would not be saying it was waived on a collateral proceeding. But I'm hedging a little bit because if this court does make a ruling on the merits, then that may prevent him from making that argument in the future. And if there are no further questions, I will rest on the brief for the rest of the issues. We don't think anything raised here raises questions about the validity of the verdict or the integrity of the trial, so we ask that you affirm. Thank you. I'd like to address the argument relating to Mr. Katakis's right to testify. It was clear in this case that during the evidentiary hearings on the motion for new trial, trial counsel was asked about a strategic decision relating to one of the other three witnesses. And his response was crystal clear, we thought, and we've cited it in our brief. Mr. Katakis will be unable to testify. He could not take the stand. Now, could we have... He said he would be unable to testify. Did he then say cannot take the stand? I thought the quote was that he was unable to testify. Yes, Your Honor. That was the second half of the sentence. I don't have the quote directly in front of me. It is referenced in the brief. Would it be nice to have a further development of that issue? Perhaps. But what else is the trial lawyer going to say? They weren't into that issue at that time. It was, he was just indicating whether or not he was going to take the stand, and he wasn't going to go any further than he had to. He didn't want to say something that would bite this client. It just seems to me that there is, it's a little insufficient at this stage. Ordinarily, we find these are taken up at a habeas later on when there's a claim made against your client. Why isn't, because we ordinarily do it, I'm just curious, why is it that we should decide the issue now rather than dismissing it? And if your client chooses to do so, bring a habeas corpus case. Respectfully, Your Honor, because we think trial counsel's statement was so crystal clear as to his strategy for the case. And when you couple that with trial counsel's refusal to contact these three witnesses, to not pursue a diligent defense of his client at trial, I don't know what else trial counsel could say at a further evidentiary hearing. I would have tackled him if he went to the stand. I think it was clear in his mind he had made the decision how the case was going to be tried. Mr. Katakis needed to sit down and not object to that. Thank you, Your Honor. Okay. Thank you, both sides, for the helpful arguments. The case is submitted.
judges: Wallace, Friedland, Hillman